McGREGOR W. SCOTT
United States Attorney
KIMBERLY A. KELLY
Assistant U.S. Attorney
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KORI MUHAMMAD,<br><br>Defendant. | No. 1:05-CR-00033 OWW<br><br>MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE<br><br>Date: August 17, 2006<br>Time: 12:00 p.m.<br>Courtroom Three<br>Honorable Oliver W. Wanger |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Kimberly A. Kelly, and Defendant, Kori Muhammad, and his attorney, Eric Kersten, have agreed as follows:

1. Charges.

The defendant acknowledges that he has been charged in a seven count indictment as follows:

Count I: 21 U.S.C. §841(a)(1) - Possession with Intent to

Distribute Cocaine Base

Count II: 18 U.S.C. §924(c) - Possession of a Firearm in Furtherance of Drug Trafficking

Count III: 18 U.S.C. §922(g)(1) - Felon in Possession of a Firearm

2. Nature, Elements and Possible Defenses.

The defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crimes in Counts Two through Five of indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

COUNT I:

The elements of the crime of Possession With Intent to Distribute Cocaine Base are:

First, that the defendant possessed a controlled substance, to wit, cocaine, a schedule II controlled substance; and

Second, that the defendant intended to distribute the cocaine base to another person.

The elements of the crime of Felon in Possession of a Firearm are:

First, the defendant possessed a firearm;

Second, that the defendant has a prior conviction punishable by more than a year imprisonment; and

Third, that the firearm had been shipped or transported in interstate commerce.

3. Agreements by the Defendant.

(a) Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to Count I of the indictment which charge him with Possession With Intent to Distribute Cocaine Base, and Count III of the indictment which charges him with Felon in Possession of a Firearm.

(c) Defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the government's sentencing recommendations.

(d) Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal his plea, conviction and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.

(e) Defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached,

other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(f) Defendant agrees to recommend that he be sentenced to imprisonment at the low end of the applicable guideline range.

(g) Defendant agrees not to move for a downward departure of his sentence. Defendant understands and agrees that this agreement by him includes but is not limited to, not moving for a downward departure of his offense level, criminal history category or criminal history points as defined by the United States Sentencing Guidelines.

(h) Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(i) The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 2005 WL 50108 (Jan. 12, 2005)), and must take them into account when determining a final sentence. Defendant understands that

the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

(j) If the defendant violates the Plea Agreement, he shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury, false statements, and obstruction of justice.

(k) Because disclosures pursuant to this Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant.

(l) Moreover, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded

guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options will be solely within the discretion of the United States Attorney's Office.

(m) By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, laches, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(n) If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal

Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

4. Agreements by the Government.

(a) If the United States Probation Office determines that a three-level reduction in defendant's offense level for full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under §3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

(b) The government agrees to recommend that the defendant be sentenced to imprisonment at the low end of the applicable guideline range.

(c) The defendant acknowledges and understands that the government makes no other representations to him regarding fines, whether any other specific offense characteristics apply to his

conduct, his criminal history or criminal history points under Chapter Four or whether additional enhancements or reductions under Chapter Three or Five of the United States Sentencing Guidelines apply and defendant understands that the government is free to comment and to make recommendations to the court and the probation office regarding those matters.

(d) Other than as set forth above, the government agrees that any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable guideline range, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 1B1.8.

(e) The government agrees to dismiss Count II of the indictment at the time of sentencing.

5. Factual Basis.

Defendant will plead guilty because he is in fact guilty of the crimes set forth in Counts I and III of the indictment. Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

> On December 27, 2004, Officer Marcus Tafoya of Fresno Police Department saw the defendant seated in the driver's seat of a car registered to Patricia Whyms drinking a 32 ounce Budweiser Beer. Codefendant Whyms was in the front passenger seat of the car. The officer made contact with the defendant for the purpose of issuing a drinking in public citation. He ascertained that defendant had an active warrant and was on probation. He took the defendant into custody and searched the vehicle. Officer Tafoya found 2 bags of 50 off-white rocks later testing positive as 10.3

> g of cocaine base. Next to the cocaine base, officer Tafoya found a loaded Smith and Wesson, 9mm, semiautomatic handgun, model 6906, serial number VAD4268 with a round in the chamber. A Norinco SKS, 7.62 caliber rifle, serial number 02442; and A Hi-Point, model 4095, .40 caliber rifle, serial number H01412 were found in the trunk.

The defendant admitted that the cocaine base was his. The defendant had the firearms because he was paranoid as he was previously robbed and was concerned that he would be attacked. The defendant possessed the cocaine base with the intent to distribute it, as evidenced by the amount, packaging, and lack of use paraphernalia.

6. <u>Potential Sentence</u>.

Count I:

(a) Imprisonment.

Mandatory Minimum: 5 years imprisonment.

Maximum: Forty years imprisonment.

(b) Fine.

Mandatory Minimum: None.

Maximum: $2,000,000.

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

Mandatory Minimum: Four years.

Maximum: Life.

(Should the defendant violate any of the terms of his release, he can be returned to prison for the period of supervised release actually imposed by

the Court or five years whichever is less).

(e) Penalty Assessment.

Mandatory: One Hundred Dollars ($100).

Count III:

(a) Imprisonment.

Mandatory Minimum: None.

Maximum: Ten years imprisonment.

(b) Fine.

Mandatory Minimum: None.

Maximum: $250,000.

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

Mandatory Minimum: None.

Maximum: Three years.

(Should the defendant violate any of the terms of his release, he can be returned to prison for the period of supervised release actually imposed by the Court or five years whichever is less).

(e) Penalty Assessment.

Mandatory: One Hundred Dollars ($100).

7. Waiver of Rights.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the

charges against him, he would have the right to be represented by an attorney at all stages of the proceedings, and would have a right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the

government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

8. Questions by Court.

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9. Entire Agreement.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

10. Court not a Party.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

11. Presentence Report.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

12. Entire Plea Agreement.

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

13. Approvals and Signatures.

a. Defense Counsel: I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Agreement.

DATED: 7/31/06

Eric Kersten
Attorney for Defendant

//
//
//
//
//
//
//
//
//
//
//

b. Defendant: I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines which may apply to my case. No other promises or inducements have been made to me, other than those contained in this Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 7-31-06

Kori Muhammad
Defendant

d. Attorney for United States: I accept and agree to this Plea Agreement on behalf of the government.

DATED: 7 31 06

McGREGOR W. SCOTT
United States Attorney

By: ______________________
KIMBERLY A. KELLY
Assistant U.S. Attorney